UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE GREEN,

                ECF Case No.:

        Plaintiff,

    -against-                         **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER HECTOR
JIMENEZ and POLICE OFFICERS "JOHN DOES"
1 through 3 said names being fictitious and unknown,   JURY TRIAL
                                                                  DEMANDED
        Defendants,
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**VENUE**

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ( c).

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers as said risk attaches to the public consumers of the services provided by the Police Department of the City of New York.

7. Defendant Police Officer Hector Jimenez, shield 218 of the Housing Bureau PSA 5, was at all times relevant herein duly appointed and an acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department and/or the Housing Bureau, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officer Hector Jimenez was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

8.  Defendant Police Officers "John Does" 1 through 3 said name being fictitious and unknown, were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officers "John Does" 1 through 3 were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## NOTICE OF CLAIM

9.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

10.  That a 50-h hearing was not taken of plaintiff. Plaintiff is currently incarcerated in the Bedford Hills Women's Correctional Facility, Bedford Hills, New York.

11.  This action was commenced within (1) one year and (90) ninety days from the date of the incident herein.

## THE PARTIES

12.  Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

13.  Defendant CITY OF NEW YORK was and still is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the New York City Police Department. Defendant CITY OF NEW

YORK assumes the risks incidental to the maintenance of the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

14. Defendant Police Officer Hector Jimenez, shield 218 of the Housing Bureau is employed by the City of New York and New York City Police Department.

15. Defendant Police Officers John Does 1 through 3 said names being fictitious and unknown are employed by the City of New York and New York City Police Department.

## STATEMENT OF FACTS

16. That on April 12, 2013 at approximately 4:30 p.m. plaintiff was at the Wagner Housing development located on 123rd and 2nd Avenue, New York, NY.

17. Plaintiff was approached by 4 male police officers in uniform who verbally harassed her and arrested her.

18. Plaintiff did not resist arrest.

19. During the arrest, plaintiff and was grabbed by 2 of the officers who used excessive force and twisted her right arm.

20. An ambulance was called to the scene and plaintiff was taken to Harlem Hospital, New York, New York.

21. After plaintiff was treated for her injuries at the hospital, she was taken to the precinct and then arraigned in court.

22. Police Officer Hector Jimenez knowingly inflicted emotional and physical harm on the plaintiff at the time of the arrest and thereafter.

23. Police Officer "John Does "1 through 3 knowingly inflicted emotional and physical harm on the plaintiff at the time of the arrest and thereafter.

24. Solely as a result of the foregoing, plaintiff sustained substantial and serious personal and emotional injuries.

## FIRST CLAIM
## VIOLATION OF CIVIL RIGHTS

25.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.     By defendants City of New York's conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection, acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of her acts, caused physical and mental injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

27.     By defendant Police Officer Hector Jimenez's conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused physical and mental injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

28.     By defendant police officers "John Does 1 through 3" (said names being fictitious and unknown) conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection and acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and

the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

29. The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating the NYPD's use of excessive force and acts of misconduct against civilians, and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

30. The Defendants were deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, and established a custom, policy and/or practicing of encouraging, approving and/or tolerating the use of said improper procedures by the NYPD and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

31. The defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

32. The supervisors and policymaking officers of defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the herein above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

33. Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

34. Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of plaintiff.

35. The defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

36. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific

and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## NEGLIGENCE

37. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. That defendant City of New York, through its police officers, agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

39. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
## ASSAULT AND BATTERY

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above, defendant City of New York, by its agents, servants and employees committed an assault and battery upon the plaintiff by physically assaulting her and twisting her arm using excessive force. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. By the actions described above, defendant Police Officer Hector Jimenez committed and assault and battery upon the plaintiff by physically assaulting her and using excessive force twisting her right arm. The acts of conduct of the defendants were the direct and

proximate cause of the injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

44. By the actions described above, defendant Police Officer "John Does" 1 through 3 committed an assault and battery upon the plaintiff by physically assaulting her and using excessive force twisting her right arm. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

46. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

48. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

49. As a result of the aforesaid, plaintiff sustained the injuries and damages previously

described in this complaint.

50. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM
### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52. The actions of the defendants in arresting and prosecuting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

53. Defendants acted with the desire and intent to cause plaintiff, emotional distress or acted under circumstances known to them which made it substantially certain that they would cause emotional distress.

54. Defendants acted in a manner as to negligently cause emotional distress to the plaintiff.

55. Defendants acted with utter disregard of the consequences of their actions.

56. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

57. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE,** plaintiff demands judgment against the defendants for her First, Second, Third, Fourth and Fifth causes of action. Plaintiff also demands the following relief jointly and

severally against all of the defendants:

    a. Compensatory damages in the amount of $10,000,000.00;

    b. Punitive Damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Pre and post-judgment costs, interest and attorneys' fees;

    e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: New York, New York
       March 31, 2014

                    Yours etc.,

                    **ISAACSON, SCHIOWITZ & KORSON, LLP,**
                    Attorneys for Plaintiff

          By: _____

                JEREMY SCHIOWITZ, ESQ. (JS 5939 )
                150 Broadway - Suite 1600
                New York, New York 10038
                Tel. No.: (212) 267-6557

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       March 31, 2014

JEREMY SCHIOWITZ

Docket Number:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE GREEN,

                                     *Plaintiff,*

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
HECTOR JIMENEZ and POLICE OFFICERS
"JOHN DOES" 1 through 3 said names being fictitious and
unknown,

                                     *Defendants*

------------------------------------------------------------------X

## SUMMONS AND COMPLAINT

**ISAACSON, SCHIOWITZ & KORSON, LLP**
**Attorney for Plaintiff**
**150 Broadway, Suite 1600**
**New York, NY 10038-4494**
**Tel No. 212-267-6557**
**Fax No. 212-240-0365**